CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 09 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PEGGY S. BRYAN, | ) | |
| | ) | Civil Action No. 5:10CV00075 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Honorable Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Peggy S. Bryan, was born on January 3, 1982, and eventually reached the eleventh grade in school. Ms. Bryan has worked as a cashier, waitress, and hostess in a restaurant. She last worked in 2007. On September 28, 2007, Ms. Bryan filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became

disabled for all forms of substantial gainful employment on January 15, 2006 due to mood swings, anxiety, and bipolar disorder. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Bryan met the insured status requirements of the Act through the second quarter of 2009, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Ms. Bryan is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2009. See gen., 42 U.S.C. § 423(a).

Ms. Bryan's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 30, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Bryan suffers from endometriosis, a mood/affective disorder, anxiety disorder, and personality disorder. Despite these problems, the Law Judge determined that plaintiff retains sufficient functional capacity to perform light work activity in a low stress environment and with limited social interaction. (TR 19). The Law Judge found that Ms. Bryan is disabled for her past relevant work in the restaurant, inasmuch as such activity required performance of up to medium levels of exertion, and involved significant social interaction. However, after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Ms. Bryan retains sufficient functional capacity to perform certain light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Bryan is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's

opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Bryan has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Bryan has a history of various gynecological problems, especially endometriosis, and emotional difficulties. While Dr. David McMillan, one of the doctors who has treated plaintiff's endometriosis, recently checked a box on a form indicating that the condition is totally disabling (TR 468), the court must agree that the medical notations outlining treatment of this condition, including those from the same physician, do not support a finding that Ms. Bryan is disabled due to any physical difficulties. Indeed, at the administrative hearing, plaintiff testified that the pain associated with her endometriosis is well controlled with medication. (TR 37). On the other hand, the court views the evidence relating to the treatment of plaintiff's emotional difficulties as much closer. Dr. David

B. Reid, a psychologist who has seen plaintiff on an occasional basis during her treatment at Comprehensive Health Systems in Staunton, Virginia, completed a questionnaire on April 15, 2009 which indicates the existence of serious and disabling emotional limitations. (TR 465-68). However, the regular treatment notes compiled by a nurse practitioner at the same facility do not suggest the existence of serious and intractable emotional problems. In his report, Dr. Reid indicates that he has not seen Ms. Bryan consistently enough to adequately address questions dealing with plaintiff's treatment history or the longitudinal impact of her medication regimen. (TR 466). While the nonexamining state agency psychologists who have reviewed the medical record indicate that Ms. Bryan does not experience disabling nonexertional impairments, it is agreed that she is able to function only in low stress environments with limited social interaction. Thus, the court believes that there is substantial evidence to support the Law Judge's assessment of plaintiff's residual functional capacity. When asked to consider that Ms. Bryan is limited to light exertion, and must work in a low stress environment with limited social interaction, the vocational expert identified several specific, alternate work roles in which plaintiff could be expected to perform. In short, while there are conflicts in the record, the court believes that there is adequate evidence upon which the Law Judge might reasonably conclude that plaintiff remains capable of performing certain work roles existing in substantial number in the national economy. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff emphasizes the reports from Dr. McMillan and Dr. Reid. Plaintiff asserts that the reports from these treating medical specialists establish her disability for all forms of work. Once again, however, the court does not believe that the treatment notes from Dr. McMillan support the notion that plaintiff's endometriosis is disabling. For example, on

February 18, 2009, only about two months before he completed the form indicating that plaintiff is disabled, Dr. McMillan reported that Ms. Bryan appeared to be in no acute distress, and that her pain was associated with "lifting at work at her job as a waitress." (TR 469). Earlier reports from Dr. McMillan suggest that plaintiff had been misusing her pain medication, and that regulation of the medication would be appropriate. (TR 471). Dr. McMillan has also indicated that Ms. Bryan is too young for surgery. (TR 468). Apparently, Dr. McMillan is the physician who referred Ms. Bryan for psychological intervention. Considering the body of medical evidence in this case, the court believes that the Law Judge reasonably discounted Dr. McMillan's unsubstantiated statement that Ms. Bryan is unable to work.

It is true that the psychological reports do document a history of intermittent anxiety and irritability. In offering his opinion as to plaintiff's disability, Dr. Reid noted that her persistent pain, mood instability, and anxiety impact her thought process and her ability to function in a vocational setting. However, as noted above, Dr. Reid was unable to offer an opinion as to whether medication and psychological treatment could be expected to relieve Ms. Bryan's anxiety and mood swings. After reviewing all the evidence then of record, Dr. Yvonne Evans, a nonexamining state agency psychologist, summarized plaintiff's status on December 28, 2007 as follows:

> The claimant alleges disability due to mood swings, anxiety and bipolar disorder. The medical evidence establishes a medically determinable impairment of Obsessive Compulsive Disorder. Anxiety Disorder NOS and Affective Psychosis NOS-(MSE states psychosis absent). She is 25 years old and has completed 11 years of formal education. Claimant has sought treatment for her condition and is on Prozac and Xanax. Current use shows that claimant is oriented, mood mostly good some mood swings, intermittent anxiety less anxious overall, no irritability, energy and concentration fair, denied suicidal ideations, psychosis absent and

5

appetite fair. At 11 '07 exam her appearance was fair, eye contact normal, impulse control normal, cognition clear, thought process logical, insight and judgment intact. Her ADL's indicate that she does chores around the house, takes care of her children, socializes with family, runs errands when needed.

The claimant's basic memory processes are intact. Stress exacerbates her symptoms. She is able to carry out very short and simple instructions. She would be able to maintain regular attendance and be punctual. Her ADL's and social skills functional. She would be able to make simple decisions. Additionally, she evidences some limitation in dealing with work stresses and public contact. She retains the ability to perform repetitive work activities without constant supervision.

Based on the evidence of record, the claimant's statements are found to be partially credible.

The claimant is able to meet the basic mental demands of simple routine work in a low stress environment with limited social interaction.

(TR 245). It appears to the court that Dr. Evans' evaluation tracks the treatment notes in Ms. Bryan's case to a much greater degree than does the report of Dr. Reid. The court believes that the Administrative Law Judge reasonably determined to reject Dr. Reid's opinion as to plaintiff's disability, in favor of a finding that Ms. Bryan is not disabled for simple, routine work in a low stress environment with limited social interaction.

Finally, plaintiff contends that the Administrative Law Judge improperly discounted her testimony as to the existence of severe and debilitating pain. The court is unable to agree. The simple fact is that the evidence currently of record indicates that plaintiff's endometriosis has been successfully treated.[1] For example, on November 5, 2008, Dr. McMillan noted that all visible

---

[1] At the time of oral argument in this case, plaintiff's attorney indicated that Ms. Bryan may have required additional surgery for her endometriosis some time after the date of the Commissioner's final decision. The court afforded plaintiff an opportunity to submit additional medical evidence, if appropriate. However, no additional medical evidence has been submitted in this case. In any event, it is highly unlikely that any new medical evidence could reasonably be found to relate to the period of time covered by the Administrative Law Judge's decision of July 30, 2009.

endometriosis had been removed except for a small focus on the rectum. (TR 470). As noted above, plaintiff testified that medication relieves her pain. In short, while plaintiff still experiences a residual condition which can be expected to produce some pain, the medical record does not establish the existence of a physical problem which could reasonably be expected to produce pain of disabling severity. The court concludes that the Administrative Law Judge properly assessed the "pain" issues in Ms. Bryan's case.

For the reasons outlined above, the court concludes that the Commissioner's final decision is supported by substantial evidence, and that the decision must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Ms. Bryan is free of all pain, discomfort, anxiety, and mood swings. Indeed, the medical record confirms that she has suffered from a significant and troublesome physical problem which can be expected to cause discomfort. She has also suffered from persistent anxiety and mood lability. However, it must again be noted that the treatment notes compiled in plaintiff's case are simply not overly remarkable. It is well settled that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported

by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 9th day of June, 2011.

*[signature: Jrn Conrad]*
Chief United States District Judge